IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 10 2010

GREGORY C. LANGHAM
CLERK

Civil Action No. 10-cv-00319-ZLW

RODNEY RAY ZIMMERMAN,

Plaintiff,

v.

UNKNOWN D.R.D.C. INTAKE SGT. OF 3-19-08,
DR. SINGH, C.M.O., D.R.D.C., and
DR. L'HERAULT, D.R.D.C.,

Defendants.

ORDER DENYING MOTION TO RECONSIDER

Plaintiff, Rodney Ray Zimmerman, filed *pro se* on May 3, 2010, a "Motion for Reconcideration [sic]" asking the Court to reconsider and vacate the Court's Order of Dismissal and the Judgment entered in this action on April 23, 2010. He also submitted a Prisoner Complaint and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915. The Court must construe the motion to reconsider liberally because Mr. Zimmerman is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the motion to reconsider will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243

(10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. *See* Fed. R. Civ. P. 59(e). The Court will consider Mr. Zimmerman's motion to reconsider pursuant to Rule 59(e) because it was filed within twenty-eight days after the Judgment was entered in this action on April 23. *See Van Skiver*, 952 F.2d at 1243 (stating that motion to reconsider filed within ten-day limit for filing a Rule 59(e) motion under prior version of that rule should be construed as a Rule 59(e) motion). The three major grounds that justify reconsideration are: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

The Court dismissed the instant action without prejudice because Mr. Zimmerman failed to comply with an order entered on February 16, 2010 directing him to cure certain deficiencies. More specifically, Mr. Zimmerman was ordered within thirty days to submit a complaint and a certified copy of his trust fund account statement for the six-month period immediately preceding this filing. Mr. Zimmerman also was directed to use the Court-approved forms as required by the Court's local rules, *see* D.C.COLO.LCivR 8.2A. Blank copies of the proper forms were mailed to Mr. Zimmerman with a copy of the order directing him to cure these deficiencies. On March 22, 2010, Mr. Zimmerman responded to the order to cure deficiencies by filing an amended Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 together with a certified copy of his trust fund account statement. He also submitted a notice of change of address.

On April 6, 2010, Mr. Zimmerman submitted two letters to the Court complaining that he lacked a pen for writing. However, he failed, within the time allowed, to submit a complaint as directed. On April 23, the Court dismissed the action without prejudice for failure to cure all the designated deficiencies.

Mr. Zimmerman apparently contends that he was unable to comply with the order to cure in a timely manner because he lacked a pen. However, he managed to draft the April 6 letters with some writing instrument and fails to explain why he could not have used the same writing instrument to submit a complaint in a timely manner. There is no requirement that a litigant use a pen, as opposed to a pencil, to draft handwritten pleadings. He also failed in either April 6 letter to ask for an extension of time to cure.

Upon consideration of the liberally construed motion to reconsider and the entire file, the Court finds that Mr. Zimmerman fails to demonstrate some reason why the Court should reconsider and vacate the order to dismiss this action. Mr. Zimmerman fails to demonstrate the existence of an intervening change in controlling law or new evidence, and he fails to convince the Court of any need to correct clear error or prevent manifest injustice. The motion to reconsider will be denied. Accordingly, it is

ORDERED that the "Motion for Reconcideration [sic]" that Plaintiff, Rodney Ray Zimmerman, filed *pro se* on May 3, 2010, and which the Court has treated as a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e), is denied. It is

FURTHER ORDERED that the Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 filed on May 3, 2010, is denied as moot. It is

FURTHER ORDERED that the Court will not address the amended complaint

filed on May 3, 2010.

DATED at Denver, Colorado, this  10th   day of   May  , 2010.

BY THE COURT:

 s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-00319-ZLW

Rodney Zimmerman
Prisoner No. 135354
Colorado State Penitentiary
P.O. Box 777
Cañon City, CO 81215-0777

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 5|10|10

                                   GREGORY C. LANGHAM, CLERK

                                   By: _____
                                                Deputy Clerk